```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/19/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE GRULLON,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:　　21-CV-8515 (GHW) (RWL)
　　　　　　　　　Plaintiff,　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　- against -　　　　　　　　　　　　　　:　　**ORDER SUPPLEMENTING**
　　　　　　　　　　　　　　　　　　　　　　　:　　**STANDING ORDER IN**
COMMISSIONER OF SOCIAL SECURITY,　　:　　**SOCIAL SECURITY CASE**
　　　　　　　　　　　　　　　　　　　　　　　:　　**(Represented Parties)**
　　　　　　　　　Defendant.　　　　　　　　　 :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

　　　　The above-referenced social security action has been referred to the undersigned for Report and Recommendation. All motions and applications, including those related to scheduling and all motions to dismiss or for judgment on the pleadings, must be made to Judge Lehrburger and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-robert-w-lehrburger.

　　　　1.　　**Filing the Record:** Pursuant to Standing Order No. 16-MC-00171, dated April 20, 2016, Defendant shall file the electronic certified transcript of the administrative record ("Record"), which shall constitute the Defendant's answer, or move against the complaint, **no later than 90 days after Defendant is served with process or otherwise directed by the Court to answer** in this action. Thereafter, in order to promote the efficient adjudication of this matter, the parties shall adhere to the following schedule and procedures.

　　　　2.　　**Mandatory Settlement Proposal and Discussion:**

　　　　　　　　a.　　**No later than 30 days after the Record is filed**, counsel for Plaintiff must serve a written proposal for settlement on counsel for the Commissioner,

1

summarizing Plaintiff's strongest arguments, with specific references to the portions of the record supporting those arguments, to determine if the case can be resolved.

      b.      **Promptly upon receipt of Plaintiff's settlement proposal**, counsel for the Commissioner must consult with the agency, evaluate the merits of the proposal, and meet and confer with Plaintiff's counsel in good faith, in person or by telephone, to determine whether the case can be resolved without further expenditure of attorney time and judicial resources. An exchange of emails is not sufficient.

      c.      **No later than 30 days after Plaintiff's settlement proposal is served**, the parties shall either: (a) electronically file a stipulation dismissing, remanding, or otherwise resolving the case; or (b) electronically file a joint letter advising the Court that the parties have complied with the requirements of paragraphs a and b above but were unable to resolve the case and are proceeding to brief their respective positions in accordance with the paragraphs below. Any stipulation entered between the parties including, but not limited to, a remand to the Social Security Administration ("Administration") for further proceedings must be approved by the assigned District Judge, unless the parties consent to the undersigned's jurisdiction over the case for all purposes. The parties are advised that a remand for further proceedings is not necessarily a final disposition of the case, and Plaintiff may be entitled to seek further review of any additional proceedings before the Administration.

3.      **Plaintiff's Motion:** Absent settlement of the case, Plaintiff shall file and serve their motion for judgment on the pleadings **no later than 60 days after the Record is filed**.

4. **Defendant's Response:** The Commissioner shall file and serve any response (and cross-motion, if any) to the motion for judgment on the pleadings **no later than 60 days after Plaintiff's motion is filed**.

5. **Plaintiff's Reply:** Plaintiff shall file and serve any reply **no later than 21 days after the Commissioner's response is filed**.

6. **Briefing Requirements:** The parties' briefs should comply with the following requirements:

a. The brief of each side shall contain a summary of those parts of the record that each side contends should be considered for purposes of review of the agency's decision. Each statement in a party's summary of the record shall be followed by a citation to the appropriate pages of the record (i.e., "R. at__").

b. If Defendant believes that any of the statements in Plaintiff's summary of the record is inaccurate in any respect, then Defendant's brief shall include a footnote or section that lists each such statement, explains why each such statement is inaccurate, and includes supporting cites to the record. If Plaintiff believes that any of the statements in Defendant's summary of the record is inaccurate in any respect, then Plaintiff's responsive brief shall include a footnote or section that lists each such statement, explains why each such statement is inaccurate, and includes supporting cites to the record.

c. The Court is familiar with the standard of review and the sequential evaluation process, so the parties may forego boilerplate discussions of the governing legal standards unless there has been a recent change in the law. The parties should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue.

        d.     When citing relevant cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate citations to the portions of those authorities relied upon.  In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or other standard reference work.  The parties may not supplement the record beyond the definition of technical terms.

7.     Memoranda in support of or in opposition to any dispositive motion shall not exceed 25 pages in length, and reply memoranda shall not exceed 10 pages in length.  A party seeking to exceed these page limitations must apply to the Court for leave to do so in conformity with the undersigned's Individual Practices in Civil Cases, with copies to all counsel, **no fewer than seven days before the date upon which the memorandum must be filed**.

8.     Counsel for the Plaintiff must serve this Order on the Defendant and must file proof of such service with the Court.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 19, 2021
      New York, New York

Copies transmitted this date to all counsel of record.